UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOSSIA,

        Petitioner,

v.                                    CASE NO. 2:07-CV-11805
                                      HONORABLE NANCY G. EDMUNDS
                                      UNITED STATES DISTRICT COURT

C. EICHENLAUB,

        Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

        James Lossia, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner claims that the Bureau of Prisons (B.O.P.) wrongfully denied him credit against his federal sentence out of the U.S. District Court for the Eastern District of Michigan for identity theft,18 U.S.C. § 1028(a)(7), and access device fraud,18 U.S.C. § 1029(a)(2), for time spent in state custody between the dates of May 13, 2004 and March 29, 2005 while awaiting sentencing for violating the terms of his state probation. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. Background

        On May 13, 2004, petitioner was arrested by United Stated postal

1

inspectors for the abovementioned offenses.  Petitioner was released on bond to Michigan state authorities based upon a Michigan detainer for a probation violation for a prior state conviction.  Petitioner remained in the custody of the State of Michigan until October 8, 2004, when he was transferred to federal detention pursuant to a writ of habeas corpus.

On March 21, 2005, petitioner was sentenced to 98 months in prison by Judge Lawrence P. Zatkoff. [1]  Petitioner was returned to the custody of the State of Michigan custody on March 24, 2005.  On March 29, 2005, petitioner was sentenced by the Oakland County Circuit Court to 365 days in jail for his probation violation.  The state court gave petitioner credit for 365 days that he had previously served.  Petitioner was released to the custody of the U.S. Marshals Service the following day, March 30, 2005.   The BOP granted him one day of prior custody credit for May 13, 2004, the date he was arrested and released on bond to the Michigan detainer.  The BOP further calculated the start date for petitioner's federal sentence as March 29, 2005, the date that his state sentence was completed.

On August 9, 2006, petitioner filed an administrative remedy requesting 321 days credit towards his federal sentence.  The warden denied his request on August 24, 2006.  Petitioner appealed to the regional office and was informed that

---

[1] Petitioner's sentence was affirmed on appeal. *United States v. Lossia,* 193 Fed. Appx. 432 (6th Cir. 2006); *cert. den.* 127 S. Ct. 1013 (2007).

2

his request was being forwarded to the Designation and Sentence Computation Center for review and that he would be advised of the outcome. On November 13, 2006, the BOP sent a letter to Judge Zatkoff advising him of petitioner's request for additional credit on his federal sentence and asking whether Judge Zatkoff wanted retroactive designation that would allow concurrent service of petitioner's federal and state sentences. On November 29, 2006, Judge Zatkoff sent a letter to the BOP in which he indicated that was his "strong desire" that petitioner's request be denied.

On December 7, 2006, petitioner filed a five-page appeal with the central office for inmate appeals. Petitioner's appeal was rejected because it was late, did not contain the required number of copies, and had an excessive amount of continuation pages. The notice also advised petitioner that he must provide staff verification on a BOP letterhead documenting that the untimely filing of the appeal was not his fault. Petitioner did not re-file his appeal with the office for inmate appeals.[2]

Petitioner has now filed the instant petition, in which he seeks habeas relief on the following ground:

---

[2] Respondent contends that the petition should be dismissed in part because petitioner has failed to exhaust his administrative remedies. Petitioner argues that he attempted to exhaust his administrative remedies, but that the BOP improperly rejected his appeal as being untimely. Petitioner further contends that it would be futile to exhaust his administrative remedies in light of the fact that the BOP's Designation and Computation Center has rejected petitioner's sentencing credit claim. A habeas petitioner's failure to complete the administrative remedy process may be excused where the failure to exhaust is due to the administrator, rather than the petitioner. *See Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 236 (6th Cir. 2006). Exhaustion may also be excused when it would be futile to do so. *Id.* Because the failure to exhaust appears to be futile in this case, the Court will excuse the failure to exhaust.

Petitioner is entitled to credit for time served in State custody where
the state confinement was caused exclusively by the actions of
federal law enforcement officials.

## II. Discussion

The U.S. Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons,* 9 F. 3d 503, 505 (6th Cir. 1993). However, a federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. *McClain,* 9 F. 3d at 505; *United States v. Dowell,* 16 Fed. Appx. 415, 420 (6th Cir. 2001); *Stevenson v. United States,* 495 F. Supp. 2d 663, 665-66 (E.D. Mich. 2007). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998).

18 U.S.C. § 3585(b) states in pertinent part:

(b) Credit for prior custody.--A defendant shall be given credit toward
the service of a term of imprisonment for any time he has spent in
official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was
    imposed; or
    (2) as a result of any other charge for which the
    defendant was arrested after the commission of the
    offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.*

18 U.S.C. § 3585(b) authorizes credit only for time "that has not been credited against another sentence." *United States v. Wilson,* 503 U.S. at 334. In the present case, petitioner is not entitled to credit towards his federal sentence for the time that he was in custody between May 13, 2004 and March 29, 2005, because he received credit on his state sentence for the time that he spent in state custody between these two dates. The Sixth Circuit has rejected claims on numerous occasions under § 3585(b) where the federal prisoner received credit against a state sentence for the time claimed. *See e.g. Woody v. Marberry,* 178 Fed.Appx. 468, 471 (6th Cir. 2006)(federal prisoner not entitled to credit towards federal sentence for time spent in state custody on a detainer awaiting sentencing on a probation violation)*; See also Bridgeman v. Bureau of Prisons,* 112 Fed.Appx. 411, 413 (6th Cir. 2004)*; Broadwater v. Sanders,* 59 Fed.Appx. 112, 113-14 (6th Cir. 2003); *Suaza v. Department of Justice,* 14 Fed. Appx. 318, 319 (6th Cir. 2001); *See also Stevenson,* 495 F. Supp. 2d at 666.

Petitioner is not entitled to sentencing credit for another reason. Petitioner indicates that he was on probation for these state offenses when he was arrested for his new federal charges on May 13, 2004. Petitioner indicates that it was his arrest on his new federal charges that served as the basis for violating his probation by the Oakland County Circuit Court. In *United States v. Merritt,* 782 F. Supp. 12, 14 (D. Mass. 1992), the federal district court held that subsection (2) of Section 3585(b) did not apply to the period of time beginning when the

defendant's probation on state convictions was revoked and she began serving time in state prison on her suspended sentences, because the defendant was not serving time for new state court convictions for which she was arrested after committing her federal offense. Likewise, petitioner is not entitled to sentencing credit against his federal sentence pursuant to Section 3585(b)(2) for the time spent in Michigan custody for violating his probation out of Oakland County, because he was not in state custody for new state criminal charges which had been committed after petitioner had been arrested for his federal convictions. *See also Woody v. Marberry,* 178 Fed. Appx. at 471 (affirming the denial of federal sentencing credit for time spent awaiting sentence in state court on probation violation).

Petitioner's argument is further undercut by the fact that Judge Zatkoff indicated that it was his desire that petitioner's federal sentence was to be served consecutively to his state sentences, which did not end until petitioner was discharged by Michigan authorities on March 29, 2005. Petitioner is not entitled for credit for any time spent in state custody between May 13, 2004 and March 29, 2005, where this time was credited towards his state sentence and the federal district court did not order that his federal sentence run concurrently with his state sentence. *See McCarthy v.(FNU)(LNU), Warden,* 168 Fed. Appx. 276, 277 (10th Cir. 2006); *See also Jiminez v. Warden, FDIC, Fort Devens, Massachusetts,* 147 F. Supp. 2d 24, 29 (D. Mass. 2001).

## III. ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 11, 2007, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager